## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>WESTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) 7:24-CR-00075-ACA-JHE |
| | ) |
| **JEREMIAH DESHON KIRKLAND** | ) |

### <u>PROTECTIVE ORDER</u>

The Government's motion for a protective order is **GRANTED**. (Doc. 9).

Pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1), the United States requests that the Court authorize the disclosure of certain sensitive documents to Defendants' counsel without the necessity of redacting personally identifying information ("PII") of the defendant, and/or other witnesses or other third parties, (hereinafter "Protected Discovery Material").

After giving due consideration to the Government's motion, the following is **ORDERED** pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 16(d):

1.  The United States may disclose to defense counsel sensitive information in this case, including "Protected Discovery Material," that is, evidence containing PII such as names; residential addresses and telephone numbers; dates of birth; drivers' license numbers; social security numbers; and financial information.

1

2. Defense counsel, the Defendant, and persons to whom disclosure of Protected Discovery Material is authorized by this Protective Order, including professional members of the defense team (to include attorneys, paralegals, legal assistants, investigators, and experts such as forensic accountants), shall:

   a. Use the Protected Discovery Material only as necessary to represent the Defendants in this case;

   b. Acknowledge that their client understands the sensitive nature of this discovery, that it should not and will not be shared with anyone beyond defense counsel and professional members of the defense team (including paralegals, legal assistants, and expert witnesses), and that all such material in the possession of the defense team will be returned or destroyed following the completion of the case;

   c. Not leave the Protected Discovery Material in the control or custody of the Defendants or any person who is not a professional member of the defense team;

   d. Limit the access to electronically stored discovery so that the Defendants cannot print, download, or otherwise retain any Protected Discovery Material; and

   e. Collect and return to the Government all paper and electronic copies of any Protected Discovery Material at the conclusion of this litigation or, alternatively, destroy those items and confirm their destruction to the Government.

3. Nothing in this Order shall limit the Defendants or any persons who are not professional members of the defense team from receiving, printing, copying, retaining, or storing any material that has been redacted to remove any and all PII.

4. PII may be redacted before Protected Discovery Material can be used in open court or a public filing. This Order does not affect the requirement for redaction of material filed with the Court in compliance with Rule 49.1 of the Federal Rules of Criminal Procedure. Such redaction is still required.

5. The procedures for use of Protected Discovery Material during any hearing or trial shall be determined by the Court in advance of the hearing or trial. No party shall file, unless under seal, or disclose in open Court documents containing PII without prior consultation with the Court.

6. Prior to any persons receiving disclosure of Protected Discovery Material pursuant to the terms of this Order, said persons shall be provided a copy of this Protective Order. Any such persons shall be deemed to consent to the terms of this Order and to submit themselves to the jurisdiction of the Court for purposes of enforcement of this Order. Furthermore, this Protective Order will remain in full force and effect following the end or termination of this case for purposes of enforcement of the Order.

7. Upon the finality of this case, defense counsel shall destroy all paper copies of the Protected Discovery Material and, to the extent reasonably possible, shall delete all electronic copies of such Protected Discovery Material or, at a minimum, shall safeguard and restrict access to any such electronic copies in

accordance with defense counsel's standard law firm protocols.[1]

8.     Violation of the terms and provisions of this Protective Order may be sanctioned in any way authorized by law, including, but not limited to, a contempt of court. Nothing in this Protective Order shall be deemed to limit or preclude criminal prosecution for conduct that may also be in violation of the Order.

9.     Nothing in this Protective Order shall be construed to limit the Defendants' use of their <u>own</u> PII.

**DONE**, this 12th day of March 2024.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

[1] A case is "final" when all direct appeals are exhausted or the time for seeking appeal expires.