FILED

2024 Oct-01  AM 11:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **vs.** | **)** | **7:24-cr-75-ACA-JHE** |
| | **)** | |
| | **)** | |
| **JEREMIAH DESHON KIRKLAND.** | **)** | |

## SENTENCING MEMORANDUM

Comes now, the Defendant, Jeremiah Deshon Kirkland, by and through the undersigned counsel of record and submits this Sentencing Memorandum, coming forth and stating:

This Court's ability to fashion a sentence is vastly different than in the days of mandatary guidelines.  Treating the Guidelines as advisory requires that the Court consider the guideline range calculation as merely one of many factors in determining a sentence *no greater than necessary to achieve the goals  of sentencing* set forth in Section 3553(a)(2). The guideline range as calculated in the Pre-Sentence Investigation Report (PSI), is substantially greater than necessary to achieve the goals of sentencing, in violation of 18 U.S.C. § 3553(a).

Since § 3553(a)  requires sentence to be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within guideline range.

 In the instant case, the range of imprisonment listed in the PSR fails to properly account for mitigating factors present in this case and produces a sentence  that is greater

than necessary to achieve the goals of sentencing, in violation of the sentencing mandate.

The following mitigating circumstances are presented for this Court's consideration under 18 U.S.C.§§ 3553(a).

Jeremiah Kirkland is a 20 year old man who is a life long resident of Alabama. Mr. Kirkland graduated from Aliceville High School in 2022. Since graduating from high school, Mr. Kirkland has been consistently employed up to the date of his arrest. Kirkland, prior to being arrested for in this case, was looking forward to welcoming his first child and his focus was providing a good home for the child once born. However, during the pendency of this case, his girlfriend suffered a miscarriage in May of 2024.

Mr. Kirkland now has a strong family support system from his mother and grandmother. This has not always been the case as his mother was 16 years old when he was born and was not able to care for him. However, as Mr. Kirkland got older, his mother became a larger and larger part of his life. The support of Mr. Kirkland's family for him will be beneficial as he moves forward following the resolution of this case.

Mr. Kirkland has almost no criminal history. He has no adult convictions. His presentence report shows serious criminal charged in the past. However, these charges of attempted murder and discharging a firearm into an Occupied Building were determined to be based on unreliable information. The attempted murder cases were no billed by the grand jury of Pickens County. Despite attempts to find out why the discharging a firearm case was not also no billed, counsel has not been able to even determine if that charge was ever presented to the grand jury. Regardless, that charge arose out of the same

alleged conduct as the attempted murder charges that were no billed by the grand jury. It is important to note that no witness ever identified Mr. Kirkland as even having a gun on the day in question and there was no witness identification of him as an alleged shooter. While counsel and Mr. Kirkland acknowledge these are serious charges, there was frankly no evidence of his involvement in these crimes. Although these charges do not affect Mr. Kirkland's sentencing guideline range, the defendant opines that this Court should not considered those charges in any way when determining a sentence in this case.

Mr. Kirkland wants to complete his sentence in this case and move forward with his life. He plans to return to work as soon as possible and continue to be a productive, law abiding citizen. Mr. Kirkland is extremely young and has a long life ahead of him. He is ready to start over and begin anew working towards raising a family. This Court should consider Mr. Kirkland's age as a mitigating factor in this case.

In conclusion,  when considering all of the factors in 18 U.S.C. 3553(a), a sentence of 12 months and 1 day is appropriate in this case as it would be "sufficient, but not greater than necessary to accomplish the various legitimate purposes of punishment." 18 U.S.C. 3553. Mr. Kirkland would further request he receive credit for all time spent incarcerated since his arrest. The Defendant request that this Honorable Court take the above factors into consideration in fashioning a sentence in this case. The Defendant request any and all other relief as this Honorable Court may see fit

Respectfully submitted, this 9th  day of August, 2024.

/s/ W. Scott Brower
Asb-1249-w79w

OF COUNSEL:
Brower Law Office
P.O. Box 130249
Birmingham, Alabama 35213
(205) 458-9889


## CERTIFICATE OF SERVICE

This is to certify that I have electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system and have sent notification to the correct parties.


/s/ W. Scott Brower
OF COUNSEL